Erick Richard Robinson
Register Number. 70537-018
Federal Correctional Institute
Post Office Box 1000
Butner, North Carolina 27509

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
Case No.

| | |
|---|---|
| Erick Richard Robinson | ) |
| Plaintiff | ) |
| v | ) |
| | ) |
| UNITED STATES OF AMERICA. | ) |
| Defendant | ) |
| | ) |

MEMORANDUM IN SUPPORT OF RELIEF UNDER 28 U.S.C. § 2241

Comes now Erick Robinson, pro se and without the assistance of counsel applies for relief under 28 U.S.C. § 2241. Robinson is being held beyond his expected release date due to the Federal Bureau of Prisons incomplete and misreading of 18 U.S.C. 3624

JURISDICTION

On 4/02/2024 Robinson requested and was denied application of his First Step Act Credits. Robinson then followed the administration remedies and was denied at each level See EXHIBIT 1

Mr. Robinson has filed the appropriate forms to have his 28 U.S C § 2241 adjudicated in the Eastern District of North Carolina. This Court has Jurisdiction.

## STATEMENT OF FACTS

In January of 2020, Robinson was convicted of 21 U.S.C. § 841(B)(1)(c), 846 and 851 attempt to distribute cocaine & 18 U.S.C. § 3 accessory after the fact. Robinson subsequently received a 100 month custodial sentenced, followed by (6) six years of supervised release. See generally, <u>United States v Robinson</u>, Case No: 8:18-CR-234-T (M.D. Florida).

Robinson has served the majority of his sentence 6 years, 5 months and 17 days as of this writting. See Sentence Monitoring Computation Sheet. Exhibit 3. Robinson is Eligible to receive FSA time credits. See Exhibits 2 and 6. Robinson has been scored as a Medium Risk for recidivism, after working his way from a HIGH. Currently Mr. Robinson does not have enough custodial sentence left to affect his PATTERN Risk Assessment Score. Robinson has requested in good faith, and has been denied, that the Warden of his institution grant his accrued 365 days of FSA credits and 175 days of Residential Reentry Center (RRC) days that he has <u>Accrued</u>. See Exhibit 6. "Letter from Warden Rich".

Robinson has raised four (4) issues that he request this court review and adjudicate. These will be addressed in order and are listed as follows:

    1: The FBOP can not agree with itself on whether I am eligible or not to receive FSA,FTC time credits.

    2: The FBOP is using it's own interpretation of 18 U.S.C. § 3632(d)(4), 28 C.F.R § 523.44(A)(1)(2)(3)to contradict congressional intent of the clear reading of 18 U.S.C. § 3632(D)(4).

    3:The FBOP no longer receives deference when under judicial review of internal policy. See Generally: "Loper Bright Enterprises v Raimondo, 114 S.Ct. 2244 (2024).

    4. The FBOP has failed to send Robinson to prerelease custody in a timely manner. See generally, Woodley v Warden, USP Leavenworth, 2024 U.S. Dist. LEXIS 87521, 15 may 2024.

## ELIGIBILITY

The FBOP has contradicted it's self over whether or not Robinson is eligible to receive FSA credits. This is clearly wrong, 18 U.S.C. 3632(D) ineligible prisoners, clearly states that 21 U.S.C. § 841(B)(1)(C), does not disqualify a prisoner from receiving time credits, unless he was found by the sentencing court to be a "LEADER ORGANIZER". Emphasis added. In Robinsons' sentencing, Judge Scrivens, did not find that Robinson was a leader organizer when she sentenced him to 100 months.

## APPLICATION OF TIME CREDITS

The FBOP has codified for the purposes of applying FIRST STEP ACT TIME CREDITS in 28 C.F.R. § 523.40-45 it's interpretation of 18 U.S.C. § 3632(d(4).

### §523.44 Application of FSA Time Credits

(a) How Time Credits may be Applied. For any inmate eligible to earn Time Credits under this subpart who is:

    (1) Sentence to a term of imprisonment under the U.S. Code, the Bureau <u>may</u> apply FSA Time Credits toward prerelease custody <u>or</u> Supervised Release as described in paragraphs (c) and (d) of this section.

(b) Consideration for application of FSA Time Credits. Where otherwise permitted by this subpart the Bureau may apply FSA Time Credits toward prerelease custody or early transfer to supervised release under 3624(g) <u>ONLY</u> if eligible inmate has.

    (1) Earned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of impriaonment;

    (2) shown through the periodic risk reassessments a demonstrated recidivism risk reduction <u>OR</u> maintained a minimum or low recidivism risk, during the term of imprisonment. and

3

(3) Had the remainder of his or her term of imprisonment computed under applicable law.

However, this is not the wording of the Statute. 18 U.S.C. 3624 clearly states that:

(1) The Director of the FBOP <u>SHALL</u>, to the extent practical, ensure that a prisoner serving a term of imprisonment spend a portion of the final months of that term, (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As this language was derived from the enactment of the Second Chance Act of 2008.

## 18 U.S.C. § 3632(d)(4) TIME CREDITS

Section 3632(d)(4) Time Credits states the following

(4) Time Credits.

(A) In general. A prisoner, except for a ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn as follows.

(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence based recidivism reduction programming or productive activities.

(ii) A prisoner determined by the Bureau of Prisons to be a minimum or low risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming and productive activities.

(B) Availability. A prisoner may NOT earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed---

4

(i) prior to the date of enactment of this subchapter [enacted Dec. 21, 2018]; or

(ii) during official detention prior to the date that the prisoners sentence commences under 3585(a) [18 U.S.C. § 3585(a)].

(C) Application of time credits toward prerelease custody or supervised release. Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **SHALL** be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons **SHALL** transfer eligible prisoners, as determined under section 3624(g) [18 U.S.C § 3624(g)], into prerelease custody **OR** supervised release.

(D) Ineligible prisoners. "A prisoner is ineligible for to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law.". 18 U.S.C § 3632(d)(4).

Robinson has not been convicted of any disqualifying crime, past or present. Robinson is therefore an eligible prisoner, so long as he successfully completes evidence-based recidivism reduction programs or productive activities.

The FBOP agrees that Robinson is an ELIGIBLE prisoner as they have awarded him 365 days of FSA time credits and 175 days of RRC credits. This is uncontested. See Exhibit 2.

What is contested, is the application of Robinson's EARNED days, both RRC and FSA days. The FBOP's interpretation of 18 U.S.C. § 3624 is incorrect or at least a partial reading in it's favor. 18 U.S.C. §3624(g) "Prerelease custody or Supervised release for risk and needs assessment system participants." clearly states;

5

(1) ELIGIBLE prisoners. This subsection applies in the case of a prisoner (as such term is defined in section 3635 [18 U.S.C. § 3635]) who---

 (A) has earned time credits under the Risk and Needs assessment system developed under subchapter D [18 U.S.C. §§ 3631 et seq.] (referred to in this subsection as the "System") in an amount of time that is equal to the remainder of the prisoner's imposed term of imprisonment;

 (B) has shown through periodic reassessments a demonstrated recidivism risk reduction <u>or</u> has <u>maintained</u> a minimum or low recidivism risk, during the prisoner's term of imprisonment;

 (C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

 (D)(i) in the case of a prisoner being place in prerelease custody, the prisoner---

  (I) has determined under the system to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

  (II) has had a petition to be transferred to prerelease custody or SUPERVISED RELEASE approved by the Warden of the prison, after the warden's determination that---

  (aa) the prisoner would not be a danger to society if transferred to prerelease custody or <u>Supervised Release</u>;

  (bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs **or** activities; **and** (c) the prisoner is unlikely to recidivate; **or**

(ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the system to be a minimum or low recidivate pursuant to the last reassessment of the prisoner. (Emphasis added).

Robinson, as stated supra, is an eligible prisoner as defined in 18 U.S.C. § 3635. Robinson has **EARNED** 365 days of FSA Earned Time Credits (towards release) and **accrued** an additional 175 days of FTC days toward RRC/HC, under subchapter D of 18 U.S.C. §§ 3631et seq. in an amount that is EQUAL to the remainder of Robinson's custodial sentence.

Robinson, <u>has shown</u> as shown through the periodic risk reassessments process a **<u>Demonstrated</u>** recidivism risk reduction **OR** has maintained a minimum or low risk, during the his term of imprisonment. Robinson is unable to reduce his recidivism risk level below that of medium as he has run out of time. Robinson does not have enough time left on his custodial sentence to lower his recidivism risk any further.

Robinson has asked the Warden of FCI #1 Butner Medium to have his FSA time credits applied based on a good faith effort on Robinson's behalf. However, the Warden standing behind internal policy denied Robinson's request, per the Wardens memo, based on "Community Based Non-Compliance which occurred in 1993 and 1996." these acts are thirty one (31) and twenty nine (29) years old.

18 U.S.C. § 3624(g)(1)(D)(II) as codified in 28 CFR § 523.44 "Application of FSA Time Credits, clearly states;

(II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that ---

(aa) the prisoner would not be a danger to society if transferred to prerelease custody or SUPERVISED RELEASE: (Emphasis Added)

7

>   (bb) the prisoner has made a good faith effort to <u>lower</u> their recidivism risk through participation in recidivism reduction programs or productive activities; and
>
>   (cc) the prisoner is unlikely to recidivate;

This is the list of criteria that the warden is top look into, nothing further nothing less.

In the instant case, Robinson has reduced his recidivism risk from a HIGH to a Medium since his sentencing and commitment date. This in and of itself is a remarkable thing. Now the FBOP is refusing to apply the FSA time credits that Robinson has ACCRUED.

Robinson asks this court to review the FBOP's refusal to apply FSA Time Credits after the plain language reading of 18 U.S.C. §§ 3624, 3632, and § 3634. Robinson asks this court to apply the NEW standard outlined in the recent Supreme Court decision in "<u>Loper Bright Enterprises v Rainmondo</u>, 114 S.CT. 2244 (2024), where the FBOP no longer is given deference to the FBOP's reading of the law as codified.

The FBOP has failed to send Robinson to Halfway house, Home confinement, and his number of RRC days currently exceeded the number of days left on his custodial sentence as prescribed by the FSA. See generally Woodley v Warden USP Leavenworth 2024 U.S. Dist. LEXIS 87521. Determining that the provisions set forth in 18 U.S.C. § 3632, and the fact that the petitioner has Earned or Accrued ETC's. Section 3632(d) provides that prisoners SHALL earn ETC's based on participation in evidence-based recidivism reduction (EBRR) programming. seid. § 3632(d)(4). After describing how such ETC's may be earned, the FSA provides as follows:

>   (C) Application of time credits towards prerelease custody or supervised release.- Time credits earned under this paragraph by prisoners who

8
Case 5:24-hc-02209-M    Document 1-1    Filed 11/18/24    Page 8 of 11

successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons SHALL transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release. Seeid. § 3632(d)(4)(c). Under a plain reading of this provision of the FSA, which includes the word "shall", the BOP is required to transfer a prisoner to prerelease custody or supervised release if the prisoner is "eligible" as determined under subsection 3624(g). Under section 3624(g), a prisoner is "ELIGIBLE" if the prisoner has earned ETC's in an amount equal to the remainder of the prisoner term of imprisonment, which the remainder amount has been computed, and the prisoner has met certain benchmarks for the assessed risk of recidivism, See id. § 3624(g)(1). . . . Accordingly, the FSA requires the FBOP to place petitioner in prerelease custody.

Numerous courts have held that the BOP has no discretion to delay or refuse transfer of an eligible prisoner into prerelease custody, which transfer is MANDATORY. See e.g., Doe v Federal Bur. of Prisons, 2024 U.S. Dist. LEXIS 19755, (S.D. N.Y. Feb. 5, 2024)(transfer to prerelease custody was required despite the prisoner's participation in the witness protection program) See also; Ramirez v Philips, 2023 U.S. Dist. LEXIS 228778, ( E.D.CA. 22 Dec 2023)(agreeing with interpretation that transfer to prerelease custody is mandatory.

### JUDICIAL REVIEW

Robinson has been scored as a medium risk for recidivism, based on the FBOP's "PATTERN" Risk Assessment Tool. See: FSA TIME CREDIT ASSESSMENT SHEET provided herein at EXHIBIT 2. See Also; Robinson's "Individualized Needs Plan and Program Review Sheet," included at Exhibit 2, indicating that Robinson is FSA and eligible and FTC eligible. Robinson has Earned as of this writing 175 RRC days and 365 days of ETC's toward his release into prerelease custody.

9

Per the First Step Act (FSA), an inmate such as Robinson is to be released into prerelease custody, RRC placement when his:

> "(1) Earned FSA Time Credits In An amount that is equal to the remainder of the inmate's imposed term of imprisonment;
>
> (2) Shown through the periodic risk reassessments a demonstrated recidivism risk reduction **or** maintained a minimum or low recidivism risk, during the term of imprisonment; and
>
> (3) had the remainder of his or her imposed term of imprisonment computed under applicable law.

See §523.44 Application of Time Credits. As such the FSA does not place a cap on the number of RRC days that an eligible prisoner may accrue. The statute clearly states that RRC days can accrue indefinitely.

Currently Robinson's projected release date is 10/13/2025, via his GTR. However, with the application of his 365 days of accrued FTC days this would make Robinsons Release date 10/13/2024. Or for the sake of this motion, Robinson would already be home serving his halfway house or home confinement as of this writing. Additionally, if Robinson was awarded the Second Chance Act's 6 months of Home confinement along with his <u>Accrued</u> ETC's Robinson would have been eligible for an additional 6 months of halfway house making his release date 1 May 2024. This would indicate that through the plain language reading of 3624 that Robinson has <u>OVER-SERVED</u> his custodial sentence by over 7 months.

To add insult to the FBOP's interpretation of § 3624, Robinson is still accruing RRC days as of this writing. These RRC days would move his release date even further back. With Robinsons' 175 RRC days this would reduce his custodial sentence by an additional 5.5 months.[1] Thus indicating that the FBOP has overkept Robinson by 12.5 months.

---

1 / 175 days divided by 30 day is equal to 5.5 months.

## CONCLUSION

For good cause shown, Robinson request this court review the FBOP's policy interpretations of 18 U.S.C. §§ 3624, 3632, 3624(g), and 3635 to determine whether the plain language reading, on awarding of accrued FSA Time Credits and RRC days is consistent with the FBOP's policy and implementation.

Robinson further request that if this court find that the plain reading of the FSA is in conflict with the FBOP, that the Court GRANT Robinsons request to have his RRC and FSA days Applied to his sentence as was the will of Congress.

Respectfully Submitted: _____
Erick Richard Robinson
Register Number 70537-018
Federal Correction Institute # 1
Post Office Box 1000
Butner, North Carolina 27509.

## CERTIFICATE OF SERVICE

I, Erick Richard Robinson, register number 70537-018, do swear for the purposes of service, that on 14 November 2024, I placed a true and correct copy of the forgoing motion in the United States Mail, First Class Stamp affixed, and properly addressed to: The Office of the United States Attorney: Post Office Box 25670, Raleigh, North Carolina 27601-1418. 28 U.S.C. § 1746.

Respectfully Submitted:_____

Erick Richard Robinson
Register Number 70357-018
Federal Correction Institute # 1
Post Office Box 1000
Butner, North Carolina 27509